RICHARD S. KAWANA  #1608
Attorney at Law
4 South King Street, Suite 201
Honolulu, HI  96813
Tel. No.:  (808) 536-6805
Fax No.:  (808) 536-7195

Attorney for Defendant
JOSEPH GOMES (03)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00179 HG 03 |
| | ) | |
| Plaintiff, | ) | RESPONSE TO GOVERNMENT'S |
| | ) | NOTICE TO COURT RE: DEFENSE |
| vs. | ) | EX PARTE AGENCY REQUEST AS |
| | ) | TO SITUS OF DEFENDANTS |
| JOSEPH GOMES, (03), | ) | INCARCERATION; CERTIFICATE |
| | ) | OF SERVICE |
| Defendant. | ) | |
| | ) | |

RESPONSE TO GOVERNMENT'S NOTICE TO COURT RE: DEFENSE EX
PARTE AGENCY REQUEST AS TO SITUS OF DEFENDANTS
<u>INCARCERATION</u>

COMES NOW DEFENDANT JOSEPH GOMES, by his undersigned court-appointed CJA attorney, Richard S. Kawana, and herewith submits his Response to Government's Notice to Court Re: Defense ex Parte Agency Request as to Situs of Defendants Incarceration, filed August 6, 2008.  After the filing of the "Notice", this court ordered that counsel provide a response by August 26, 2008.

Accordingly, leave of the court is respectfully requested to file this overdue response.

At the outset, it is respectfully submitted that the government's "notice" is a transparent attempt to create an issue against defendant and counsel where none really exists. Initially, the U.S. Marshal Service is an arm of the government and the Justice Department, as is the U.S. Attorney. As a practical matter, the government consults with the U.S. Marshal concerning defendant issues without notifying counsel. As demonstrated by the government's "notice," correspondence from counsel was apparently routinely transferred to the prosecutor. This is hardly ex parte.

Indeed, guidance given to defendants by defense counsel, through hard earned experience, is not to make any detrimental or other statement to any employees of the U.S. Marshal, who are indeed government law enforcement officers, because the information often is transmitted to the prosecutor without notice to defense. For the government to claim that contacts are not held between two government agencies without notice to the defendant seems naive and disingenuous. After the original motion was filed in this case, it is counsel's understanding that contact was made by another agency to the Bureau of Prisons concerning defendant's medical situation without notice to the defense.

Second, Exhibit "A" is a fax sent to the U.S. Marshal's office concerning defendant in this case and involves issues separate and apart from those presented by defendant's motion for medical evaluation and treatment. The first issue deals solely with insuring that defendant be present for his state parole board hearing. The issue had been pending long before any motion was filed in this case. The parole matter fell within the jurisdiction of the Bureau of Prisons and the U.S. Marshal's office. The request is not that Mr. Gomes be treated or transferred, simply that he be available for his hearing. There was no subterfuge involved. In defendant's Supplemental Memorandum, filed on July 8, 2008, an explanation of the situation is given in detail, and as well as the Statement that Mr. Gomes has requested to be personally present. That request was sent by fax by counsel to the U.S. Marshal.

As to the issue of defendant remaining temporarily until his case is determined by the Ninth Circuit, such requests are routinely made by counsel inquiring with the U.S. Marshal concerning their clients, both for the benefit of the defendant as well as the government. Such a request was made with regard to defendant's previous appeal without objection, and to counsel's understanding was made for his civil case and for his testimony in a criminal case.

If the rule is to be that defense counsel must report all contacts concerning

defendants with the U.S. Marshal to the court, then the rule should be applied equally to the government.  For example, if notice to the court concerning defendant's custody status is at issue before the court, then the government would seem to have been required to notify the court that a state agency had requested to have the defendant remain with enough time to be interviewed concerning matters of significant interest to the state and the federal government.

    In sum, it is respectfully submitted the defendant's motion be granted notwithstanding any "notice" to the court.

    Dated: Honolulu, Hawaii, August 29, 2008.

        /s/ Richard S. Kawana
        RICHARD S. KAWANA
        Attorney for Defendant
        JOSEPH GOMES

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00179 HG 03 |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSEPH GOMES,    (03), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

<u>Served Electronically through CM/ECF</u>:   <u>By Hand-Delivery:</u>

LOUIS A. BRACCO  
Assistant U.S. Attorney  
lou.bracco@usdoj.gov

ROSANNE DONOHOE  
U.S. Probation Officer  
Room 2-215, Prince Jonah Kuhio  
  Kalanianaole Federal Building  
300 Ala Moana Boulevard  
Honolulu, HI 96850

DATED: Honolulu, Hawaii, August 29, 2008.

 /s/ Richard S. Kawana  
RICHARD S. KAWANA  
Attorney for Defendant